


**U. S. DISTRICT COURT**
**U. S. PROBATION & PRETRIAL SERVICES**
**DISTRICT OF DELAWARE**

JOHN R. MCDONOUGH
Chief U. S. Probation Officer

MAIL ADDRESS:
J. CALEB BOGGS FEDERAL BLDG.
LOCKBOX #39
844 KING STREET
WILMINGTON, DE 19801-3588

CENTRAL OFFICE LOCATION:
SUITE 400
824 MARKET STREET
WILMINGTON, DE 19801-3588
302-252-2950
FAX: 302-573-6658

BRANCH OFFICE LOCATION:
ROOM 2201, FEDERAL BLDG.
300 S. NEW STREET
DOVER, DE 19904
302-677-0633
FAX: 302-677-0640

July 6, 2006

## MEMORANDUM

TO:     The Honorable Gregory M. Sleet
        U. S. District Judge

RE:     KENNETH LYNN EVANS
        Dkt. No.: 1:05CR00103-001 GMS
        MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE

---

The above-noted offender appeared before the Honorable Henry Coke Morgan, Jr., United States District Judge, for the Eastern District of Virginia, on January 9, 2002, to be sentenced on the charges of conspiracy to possess with intent to distribute cocaine and conspiracy to commit money laundering, subsequent to the defendant entering guilty plea to the charges. The defendant was sentenced to an eighty-seven-month term of imprisonment to be followed by a five-year term of supervised release. The defendant commenced his term of supervised release in the District of Delaware, on October 23, 2003, and his termination date is scheduled for October 23, 2008. On November 2, 2005, Your Honor accepted jurisdiction of this case.

The special conditions of supervised release ordered the following:

1) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

2) If at anytime defendant tests positive for the use of any controlled substance or the abuse of alcohol, the defendant will be required to participate and successfully complete a residential program for the treatment of substance abuse, with partial costs to be paid by the defendant, all as directed by the probation officer.

3) If at anytime during the period of supervised release the defendant tests positive for use of a controlled substance or abuse of alcohol, he shall be prohibited from operating any form of motor vehicle during the period of supervised release, regardless of whether he has an operator's license from the Commonwealth of Virginia or any other state.

After the receipt of a drug test submitted on November 2, 2004, the defendant admitted during an office visit, on November 9, 2004, that he used cocaine. He was immediately referred to the

Honorable Gregory M. Sleet
July 6, 2006
RE: Kenneth Lynn Evans

SODAT federal contract substance abuse program for evaluation, testing and counseling. Additionally, the defendant was informed that he was prohibited from driving any motor vehicle pursuant to Special Condition No. 3. This office additionally explained that the defendant's driving ability was prohibited even though the defendant possessed a valid Delaware driver's license.

Since November 9, 2004, the defendant has participated in the SODAT Program and has completed his evaluation, appeared for all required individual counseling sessions and has submitted all required urine tests without any stalls or positive results. The defendant was terminated from the program, on June 26, 2006, due to successful completion. Additionally, the defendant has asserted that he has not driven his motor vehicle since November 9, 2004. This office has discussed the defendant's driving prohibition with the defendant's mother, who has advised this office that she provides the defendant with the necessary transportation to his employment (Path Mark with whom he has been employed since September 28, 2004), substance abuse treatment appointments (SODAT), and probation appointments. Subsequent driving record checks completed by this office have revealed no driving infractions since driving was prohibited on November 9, 2004.

At this time, this office is recommending that the defendant's driving prohibition pursuant to Special Condition #3 be reviewed, and that the defendant's driving prohibition be suspended. The defendant has exhibited satisfactory adjustment to the conditions of his supervised release since his drug relapse, has had no detected criminal arrests or traffic violations during the past 19 months. The ability to have the defendant's driving prohibition suspended will reduce the adverse impact on the defendant's mother. Additionally, the defendant is acutely aware that a resumption of illegal drug use will result in the reimposition of the same consequences and hardship for himself and his mother.

This office remains available to discuss any issues regarding this matter with Your Honor.

Respectfully submitted,

John R. McDonough
Chief U. S. Probation Officer

Frank J. Kurzeknabe
U. S. Probation Officer

Reviewed and Approved:

John G. Selvaggi
Deputy Chief U.S. Probation Officer
FJK/jlg

Honorable Gregory M. Sleet
July 6, 2006
RE: Kenneth Lynn Evans

**APPROVED:**                              **NOT APPROVED:**

*/s/ Gregory M. Sleet*

The Honorable Gregory M. Sleet          The Honorable Gregory M. Sleet
United States District Judge            United States District Judge

July 11, 2006
DATE